The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| COOPER MOORE and ANDREW GILLETTE, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBINHOOD FINANCIAL LLC,<br><br>Defendant. | No. 2:21-cv-01571-BJR<br><br>**STIPULATED MOTION AND STIPULATED PROTECTIVE ORDER** |

Plaintiffs Cooper Moore and Andrew Gillette and Defendant Robinhood Financial LLC, by and through their undersigned counsel, respectfully move for entry of the following Stipulated Protective Order, to expedite and facilitate the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation would be warranted, pursuant to Fed. R. Civ. P. 26(c). Under LCR 26(c)(2), the parties began with the District's Model Protective Order, and have identified departures from the model in a redlined copy, attached as Exhibit 1.

## I.   STIPULATION

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all

STIPULATED MOTION AND
STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01571-BJR – 1

disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL MATERIAL" AND "ATTORNEYS EYES ONLY MATERIAL"

"Confidential Material" shall include the following information, documents, and tangible things produced or otherwise exchanged: (1) personal and private information regarding Plaintiffs and potential class members, including current and former street addresses for natural persons, social security numbers, telephone numbers, email addresses, dates of birth, driver's license numbers, account numbers, maiden names, and passwords; and (2) confidential business and financial information.

"Attorney's Eyes Only Material" may include information, documents, and tangible things produced or otherwise exchanged that fall within Confidential Material the nature of which is so highly confidential that the designating party in good faith believes that it risks competitive or personal harm or injury through that material's disclosure.

Confidential Material and Attorneys Eyes Only Material are "Protected Material."

3. SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations of such material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such material.

However, the protections conferred by this agreement do not cover information that (a) is in the public domain or becomes part of the public domain through trial or otherwise; (b) any non-producing party owns or lawfully possesses or obtains lawfully and properly through its own investigation or other means (i.e., not from the producing party); or (c) is produced without a confidentiality designation, except as otherwise provided in this agreement (*see, e.g.*, Section 5.3

STIPULATED MOTION AND
STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01571-BJR – 2

below) or as otherwise stipulated or ordered.

4.         <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

4.1     Basic Principles. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material or Attorneys Eyes Only Material only to:

    (a)     Plaintiffs Cooper Moore and Andrew Gillette and Defendant Robinhood Financial LLC, including their officers, directors, and employees (including in-house counsel) to whom disclosure is reasonably necessary for this litigation, unless (except as to in house counsel) particular information, documents or materials are produced for Attorneys Eyes Only and are so designated;

    (b)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)     the Court, court personnel, and court reporters and their staff, including any court reporter, videographer reporting or third party who is necessary to resolve a technological issue during a deposition that court reporters, videographers, and their staff are unable to resolve;

    (e)     copy or imaging services or e-discovery vendors retained by counsel to

assist in the duplication, storage or analysis of Protected Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return or destroy all originals and copies of any Protected Material;

      (f)    during their depositions or while preparing with their counsel for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise bound by this agreement, agreed by the designating party, or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material or Attorneys Eyes Only Material must be separately bound in any hard copy transcript and separately compiled in any electronic transcript by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

      (g)    mediators or settlement officers, and their supporting personnel, hired or appointed to address any issue(s) in the litigation;

      (h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (i)    professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

      (j)    other persons by written agreement of the designating party.

    4.3    Filing Protected Material.  Should the receiving party include, discuss, or reference Protected Material in court filings, the information must be redacted and/or filed under seal. The designating party must file its own briefs and/or declarations in response to the filing party's motion to seal to state the reasons for keeping the designating party's Protected Material under seal, keeping in mind that a party who seeks to maintain the confidentiality of its information must satisfy the "good cause" or "compelling reasons" requirements of *Kamakana v.*

*City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), and that failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

### 5. DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those materials, documents, items, or oral or written communications that qualify, so that other materials documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. For example, if a database or information structure falls within the scope of this Agreement, the Protected Material designation applies only to the proprietary structure and/or schema of the database or informational structure. A party who would like to designate the underlying data as Protected Material must do so independently from the proprietary structure and/or schema. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation and, if necessary, reproduce any materials so that they reflect the corrected designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement (*see, e.g.*, Section 5.3 below), or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this agreement must be clearly so

designated before or when the material is disclosed or produced.

(a) Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS EYES ONLY" on each page of the document if feasible.

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Protected Material under this agreement. Until the expiration of the 15-day period for designation, any deposition transcript shall be treated as if it had been designated "CONFIDENTIAL—ATTORNEYS EYES ONLY" in its entirety, unless otherwise agreed. Entire deposition transcripts should rarely, if ever, be designated as Protected Material.

If a party or non-party desires to protect Protected Material at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored "CONFIDENTIAL," "CONFIDENTIAL—ATTORNEYS EYES ONLY," or otherwise clearly communicate to the receiving party the confidentiality designation. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information, documents, or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure

that the material is treated in accordance with the provisions of this agreement.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting, videoconference, or a telephone conference.

6.3   Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, the designating party should follow the Court's procedures regarding discovery disputes, including if necessary by filing and serving a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR PROCEEDINGS

If a party is served with a subpoena or a court order issued in other litigation, regulatory, or other proceedings that compels disclosure of any Protected Material that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

8. <u>A NON-PARTY'S CONFIDENTIAL MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL." Such information produced by a non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

(a) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b) promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the non-party's information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this Court within fourteen days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession

or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

In the event that a discovery request asks a party to produce a non-party's confidential information in its possession, and the non-party's confidential information is subject to a protective order in another case, then the responding party shall promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a protective order in another case. The terms of the protective order in the other case shall control as to the discovery request directed at the party.  However, nothing herein shall prohibit the requesting party in this litigation from issuing a subpoena to the non-party. As to any subpoena issued to a non-party, this Order, and not any order entered in another matter shall control.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, Protected Material has been disclosed to any person or in any circumstance not authorized under this agreement by the receiving party's action or inaction, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

STIPULATED MOTION AND
STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01571-BJR – 9

11. <u>NON-TERMINATION AND RETURN OF PROTECTED MATERIAL</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return to the producing party or destroy all Protected Material, including all copies, extracts, and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

RESPECTFULLY SUBMITTED AND DATED this 20th day of June, 2022.

| TERRELL MARSHALL LAW GROUP PLLC | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By: s/ *Jennifer Rust Murray* <br> Beth E. Terrell, WSBA #26759 <br> Email: bterrell@terrellmarshall.com <br> Jennifer Rust Murray, WSBA #36983 <br> Email: jmurray@terrellmarshall.com <br> 936 North 34th Street, Suite 300 <br> Seattle, Washington 98103-8869 <br> Telephone: (206) 816-6603 <br> Facsimile: (206) 319-5450 <br><br> BERGER MONTAGUE PC – MN <br> E. Michelle Drake (*pro hac vice*) <br> Email: emdrake@bm.net <br> 1229 Tyler Street NE Suite 205 <br> Minneapolis, Minnesota 55413 <br> Telephone: (612) 594-5933 <br> Facsimile: (612) 584-4470 <br><br> BERGER MONTAGUE PC – CA <br> Sophia Rios (*pro hac vice*) <br> Email: srios@bm.net | By: s/ *Kenneth E. Payson* <br> Kenneth E. Payson, WSBA #26369 <br> Email: kenpayson@dwt.com <br> Lauren B. Rainwater, WSBA #43625 <br> Email: laurenrainwater@dwt.com <br> Eric A. Franz, WSBA #52755 <br> Email: ericfranz@dwt.com <br> Lindsey Mundt, WSBA #49394 <br> Email: lindseymundt@dwt.com <br> 920 Fifth Avenue, Suite 3300 <br> Seattle, Washington 98104-1610 <br> Telephone: (206) 622-3150 <br> Facsimile: (206) 757-7700 <br><br> *Attorneys for Defendant* |

STIPULATED MOTION AND
STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01571-BJR – 10

1  401 B Street Suite 2000
   San Diego, California 92101
2  Telephone: (619) 489-0300

3  *Attorneys for Plaintiff*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATED MOTION AND
STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01571-BJR – 11

## II. ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED

SO ORDERED.

DATED this 29th day of July, 2022.

*Barbara J. Rothstein*
Barbara J. Rothstein
United States District Judge

STIPULATED MOTION AND
STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01571-BJR – 12

Case 2:21-cv-01571-BJR   Document 62   Filed 07/29/22   Page 13 of 13

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on July 29, 2022 in the case of *Moore v. Robinhood Financial LLC*, No. 2:21-cv-01571-BJR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01571-BJR – 13