The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COOPER MOORE and ANDREW GILLETTE, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBINHOOD FINANCIAL LLC,<br><br>Defendant. | No. 2:21-cv-01571-BJR<br><br>DEFENDANT ROBINHOOD FINANCIAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT |

Defendant Robinhood Financial LLC ("Robinhood") files this answer to Plaintiffs Cooper Moore's and Andrew Gillette's First Amended Complaint (ECF No. 54). To the extent that any allegation in the First Amended Complaint is not specifically admitted, the allegation is denied. Robinhood answers the corresponding numbered paragraphs of the First Amended Complaint as follows:

**I.      NATURE OF THE ACTION**

1.      Robinhood admits that it is an online investments brokerage service firm. Robinhood further admits that it offers products and services that enable users to invest in stocks, exchange-traded funds, cryptocurrency, and options. Robinhood admits that its products and services can be accessed through its free mobile application (the "Robinhood App") or on its website. Robinhood admits that it does not charge a commission on trades but that it generates revenue in other ways, including the direct sale of products and services to its users. Robinhood

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 1
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

admits that it reported more than $958 million in total net revenues in 2020. Except as expressly admitted, Robinhood denies the remaining allegations in this paragraph.

2. Robinhood admits that it created a referral program called "Refer a Friend" through which Robinhood users may choose to send a referral to their friends or family members, which has varied over time. Under the current referral program, after a referred individual signs up for Robinhood and links his or her bank account, the referring user and the referred contact both receive a specified dollar amount that can be used toward fractional shares of stock from a list of 18 of America's leading companies. Except as expressly admitted, Robinhood denies the remaining allegations in this paragraph.

3. Robinhood admits that Robinhood users may choose to send a referral to their friends or family members by tapping "Rewards" or "Earn Rewards" in the Robinhood App, tapping "Invite Friends," tapping "Invite Contacts," tapping "Ok" to authorize Robinhood to access the user's contact address book through the App, tapping "Ok" to authorize Robinhood to access the user's contacts on their device through a pop-up screen from the device, and tapping "Invite" next to the contacts the user wants to refer. Robinhood admits that the Robinhood App occasionally alerts users to the ability to send referral messages to their friends and family members. Except as expressly admitted, Robinhood denies the remaining allegations in this paragraph.

4. Robinhood denies the allegations in this paragraph.

5. Robinhood denies the allegations in this paragraph.

6. This paragraph purports to recite a portion of RCW 19.190.010, which speaks for itself and to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

7. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

8. This paragraph contains Plaintiffs' characterization of this action to which no response is required. This paragraph also contains legal conclusions to which no response is

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 2
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

required. To the extent a response is required, Robinhood denies the allegations in this paragraph, and specifically denies that any class should be certified in this case.

## II. PARTIES

9. Robinhood lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies them.

10. Robinhood lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies them.

11. Robinhood admits that it is a limited liability company organized under the laws of the State of Delaware. Except as expressly admitted, Robinhood denies the remaining allegations in this paragraph.

## III. JURISDICTION AND VENUE

12. Robinhood admits the allegations in this paragraph.

13. Robinhood admits that it transacts business in this District and that venue is proper in this District. Robinhood denies that it is headquartered in this District.

## IV. FACTUAL ALLEGATIONS

14. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

15. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

16. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

17. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

18. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

19. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 3
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

20. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

21. Robinhood denies the allegations in this paragraph.

22. Robinhood admits that it adds new users through its referral program, some of whom generate revenue for Robinhood. The remainder of this paragraph purports to quote or summarize Robinhood's SEC filings, which speak for themselves. Robinhood admits the accuracy of its SEC filings. Except as expressly admitted, Robinhood denies the allegations in this paragraph.

23. Robinhood admits that referred individuals can download the Robinhood App for free. Robinhood admits that under the current referral program referred individuals must link their bank account to their new Robinhood account in order to receive a specified dollar amount, which can be used toward fractional shares of stock from a list of 18 of America's leading companies. This paragraph purports to quote or summarize Robinhood's SEC filings, which speak for themselves. Robinhood admits the accuracy of its SEC filings. Except as expressly admitted, Robinhood denies the allegations in this paragraph.

24. Robinhood admits the allegations in the first three sentences of this paragraph. The final two sentences of this paragraph purport to cite or summarize information from Robinhood's SEC filings, which speak for themselves. Robinhood admits the accuracy of its SEC filings. Except as expressly admitted, Robinhood denies the allegations in this paragraph.

25. This paragraph purports to cite or summarize information from Robinhood's SEC filings, which speak for themselves. Robinhood admits the accuracy of its SEC filings. Except as expressly admitted, Robinhood denies the allegations in this paragraph.

26. Robinhood admits that it charges fees to users who opt to utilize certain services offered by Robinhood, and Robinhood generates revenue from those fees. The remaining allegations in this paragraph purport to cite or summarize information from Robinhood's SEC filings, which speak for themselves. Robinhood admits the accuracy of its SEC filings. Except as expressly admitted, Robinhood denies the allegations in this paragraph.

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 4
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

27. Robinhood denies that it pays its users to recruit additional users. Robinhood admits that it offers its users the opportunity to receive free stock in certain circumstances for referring friends or family members to Robinhood. Robinhood denies the remaining allegations in this paragraph.

28. Robinhood denies the allegations in this paragraph.

29. Robinhood lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph and, on that basis, denies them. Robinhood denies the remaining allegations in this paragraph.

30. Robinhood denies the allegations in this paragraph.

31. Robinhood admits the allegations in this paragraph.

32. Robinhood denies the allegations in this paragraph.

33. Robinhood denies the allegations in this paragraph.

34. Robinhood admits the allegations in this paragraph.

35. Robinhood denies the allegations in this paragraph.

36. Robinhood denies the allegations in this paragraph.

37. Robinhood denies the allegations in this paragraph.

38. Robinhood denies the allegations in this paragraph.

39. Robinhood denies the allegations in this paragraph.

40. Robinhood admits it does not inform its users that they should obtain advance clear and affirmative consent of those to whom the users might choose to send referral text messages. Except as expressly admitted, Robinhood denies the allegations in this paragraph.

41. Robinhood lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies them.

42. Robinhood lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies them.

43. Robinhood lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies them.

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 5
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

44. Robinhood denies the allegations in the first sentence of this paragraph. Robinhood lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on that basis, denies them.

45. Robinhood lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies them.

46. Robinhood denies the allegations in this paragraph.

47. Robinhood denies the allegations in the first two sentences of this paragraph. Robinhood lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

48. Robinhood denies the allegations of this paragraph.

49. Robinhood denies the allegations in this paragraph.

50. Robinhood lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies them.

51. Robinhood lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies them.

52. Robinhood lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies them.

53. Robinhood denies the allegations in the first sentence of this paragraph. Robinhood lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on that basis, denies them.

54. Robinhood lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies them.

55. Robinhood denies the allegations in this paragraph.

56. Robinhood denies the allegations in the first two sentences of this paragraph. Robinhood denies the remaining allegations of this paragraph.

57. Robinhood denies the allegations in this paragraph.

58. Robinhood denies the allegations in this paragraph.

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 6
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

## V.     CLASS ACTION ALLEGATIONS

59. This paragraph contains Plaintiffs' characterization of this action to which no response is required. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph, including subparts, and specifically denies that any class should be certified in this case.

60. Robinhood denies the allegations in this paragraph, and specifically denies that any class should be certified in this case.

61. Robinhood denies the allegations in this paragraph, including subparts, and specifically denies that any class should be certified in this case.

62. Robinhood denies the allegations in this paragraph, and specifically denies that any class should be certified in this case.

63. Robinhood denies the allegations in this paragraph, and specifically denies that any class should be certified in this case.

64. Robinhood denies the allegations in this paragraph, and specifically denies that any class should be certified in this case.

65. Robinhood denies the allegations in this paragraph, and specifically denies that any class should be certified in this case.

66. Robinhood denies the allegations in this paragraph, and specifically denies that any class should be certified in this case.

## VI.     CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**(Violation of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq*.)**

67. The allegations in this paragraph require no response and allege no facts. To the extent a response is required, Robinhood incorporates by reference its answers to the above allegations as if fully stated herein.

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 7
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

68. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

69. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

70. Robinhood denies the allegations in this paragraph.

71. Robinhood denies the allegations in this paragraph.

72. Robinhood denies the allegations in this paragraph.

73. Robinhood denies the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

### (*Per se* violation of Washington's Consumer Protection Act, RCW 19.86 *et seq.*)

74. The allegations in this paragraph require no response and allege no facts. To the extent a response is required, Robinhood incorporates by reference its answers to the above allegations as if fully stated herein.

75. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

76. Robinhood denies the allegations in this paragraph.

77. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

78. Robinhood denies the allegations in this paragraph.

79. Robinhood denies the allegations in this paragraph.

80. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Robinhood denies the allegations in this paragraph.

81. Robinhood denies the allegations in this paragraph.

82. Robinhood denies the allegations in this paragraph.

### VII.   REQUEST FOR RELIEF

The remainder of Plaintiffs' First Amended Complaint is a prayer for relief to which no response is required. To the extent a response is required, Robinhood denies that Plaintiffs or any

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 8
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

members of the putative class are entitled to any of the relief sought, and denies that any class should be certified in this case or that Plaintiffs may represent any putative class.

## AFFIRMATIVE DEFENSES

Robinhood asserts the following affirmative defenses. By pleading these defenses, Robinhood does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiffs. Robinhood reserves the right to amend or supplement its affirmative defenses.

1. The First Amended Complaint fails to allege facts sufficient to state a claim against Robinhood.

2. The claims of Plaintiffs and/or others alleged to be members of the putative class fail to the extent that clear and affirmative consent existed to contact Plaintiffs and/or others alleged to be members of the putative class.

3. Robinhood did not initiate or assist in the transmission of a text message to Plaintiffs and/or others alleged to be members of the putative class, as defined under Washington's Commercial Electronic Mail Act.

4. The claims of Plaintiffs and/or others alleged to be members of the putative class fail to the extent that Plaintiffs and/or others alleged to be members of the putative class lack standing to assert the claims stated in the First Amended Complaint and to seek some or all of the relief requested.

5. The claims of Plaintiffs and/or others alleged to be members of the putative class fail to the extent that Plaintiffs and/or others alleged to be members of the putative class have sustained no cognizable injury or damages.

6. The claims of Plaintiffs and/or others alleged to be members of the putative class fail to the extent that the relief requested in the First Amended Complaint is barred in whole or in part by the terms of the applicable agreements between Robinhood and those alleged to be members of the putative class.

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 9
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

7. Awarding Plaintiffs and/or others alleged to be members of the putative class the relief sought in the First Amended Complaint would violate Plaintiffs' and many of the alleged putative class members' rights to due process of law under the United States Constitution. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

8. Plaintiffs cannot satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23 to maintain a class action.

9. The claims of Plaintiffs and/or others alleged to be members of the putative class fail to the extent that the alleged damages, if any, were caused, in whole or in part, by the acts or omissions of unnamed third parties, and Robinhood is not responsible for their conduct.

10. The claims of Plaintiffs and/or others alleged to be members of the putative class fail to the extent that they are barred in whole or in part by the exclusion in the applicable agreements of any liability for indirect, incidental, special, punitive, or consequential damages, and by the limitation of the applicable agreements and the remedies contained in those agreements.

11. The claims of Plaintiffs and/or others alleged to be members of the putative class fail to the extent that Plaintiffs and/or others alleged to be members of the putative class failed to take reasonable steps to mitigate their alleged damages, if any, and their recovery must be barred or diminished accordingly.

12. Awarding Plaintiffs and/or others alleged to be members of the putative class the relief sought in the First Amended Complaint would violate Robinhood's right to due process of law under the United States Constitution. *See, e.g.*, *BMW v. Gore*, 517 U.S. 559, 575, 580 (1996), and its progeny.

13. The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, to the extent that any of them agreed to the Robinhood Customer Agreement.

14. The claims of Plaintiffs and/or others alleged to be members of the putative class are barred by the equitable doctrine of unclean hands.

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 10
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

15. The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because any damages allegedly suffered by them were the result, in whole or in part, of their own contributory and willful misconduct, and any recovery by them should be reduced in proportion to their fault.

16. The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because any award of damages would unjustly enrich them.

17. The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because Robinhood's conduct was reasonable, justified, and in good faith.

18. The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

19. The claims of Plaintiffs and/or others alleged to be members of the putative class for injunctive relief are barred, in whole or in part, because there is no threat of irreparable harm.

**PRAYER FOR RELIEF**

Defendant Robinhood respectfully requests this Court:

A. Enter judgment in Robinhood's favor and against Mr. Moore and Mr. Gillette;

B. Award Robinhood its costs of suit;

C. Award Robinhood its attorneys' fees to the extent permitted by law; and

D. Grant Robinhood such other and further relief as this Court deems just and proper.

//

///

///

///

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 11
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

1      DATED this 17th day of August, 2022.

2

3                                       DAVIS WRIGHT TREMAINE LLP

4

5                                       By: *s/ Kenneth E. Payson*
                                           Kenneth E. Payson, WSBA #26369
                                           Email: kenpayson@dwt.com
6                                          Lauren B. Rainwater, WSBA #43625
                                           Email: laurenrainwater@dwt.com
7                                          Eric A. Franz, WSBA #52755
                                           Email: ericfranz@dwt.com
8                                          Lindsey Mundt, WSBA #49394
                                           Email: lindseymundt@dwt.com
9                                          920 Fifth Avenue, Suite 3300
                                           Seattle, Washington 98104-1610
10                                         Telephone: (206) 622-3150
                                           Facsimile: (206) 757-7700
11

12                                      *Attorneys for Defendant*
                                        *Robinhood Financial LLC*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S ANSWER
(2:21-cv-01571-BJR) - 12
4858-8038-7630v.13 0114672-000005

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax