1

THE HONORABLE BARBARA J. ROTHSTEIN

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7

COOPER MOORE and ANDREW
GILLETTE, on their own behalf and on
behalf of all others similarly situated,

8

Case No. 2:21-cv-01571-BJR

9

Plaintiffs,

**PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL
CLASS CERTIFICATION**

10

v.

11

ROBINHOOD FINANCIAL LLC, a
Delaware limited liability company,

12

13

Defendant.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION .................................................................................................. 1

II.   PROCEDURAL HISTORY .................................................................................. 1

III.  THE SETTLEMENT AGREEMENT ................................................................. 3

      A.    Notice ........................................................................................................ 3

      B.    Distribution of the Settlement Fund ........................................................ 5

      C.    Opt-Outs and Objections .......................................................................... 6

IV.   ARGUMENT ........................................................................................................ 7

      A.    The Settlement Class Should be Certified for Settlement Purposes ....... 7

            1.    Numerosity ..................................................................................... 7

            2.    Commonality .................................................................................. 8

            3.    Typicality ....................................................................................... 8

            4.    Adequacy ........................................................................................ 9

            5.    Predominance ................................................................................. 10

            6.    Superiority ...................................................................................... 10

      B.    The Settlement Should Be Preliminarily Approved ................................ 11

            1.    The Settlement is the Result of Arms-Length Informed
                  Negotiations ................................................................................... 12

            2.    The Relief Is Appropriate Considering the Strengths of
                  Plaintiffs' Case and the Risks of Further Litigation .................... 13

            3.    The Settlement Will Be Fairly Distributed .................................... 15

            4.    The Settlement Has No Obvious Deficiencies ............................... 17

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - i
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

C.      The Notice Plan Complies with Fed. R. Civ. P. 23€ and Due Process................. 18

V.      CONCLUSION ................................................................................................................ 20

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - ii
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I.    INTRODUCTION

Plaintiffs Cooper Moore and Andrew Gillette and Defendant Robinhood Financial LLC have reached a class action settlement to resolve all claims in this class action lawsuit. The proposed settlement provides a $9,000,000 Settlement Fund[1] for the Settlement Class in exchange for Settlement Class Members' release of claims related to text messages regarding the Robinhood referral program that were or could have been brought in this action. This represents an excellent result for the Settlement Class.

The proposed settlement was reached only after extensive and hard-fought litigation. This action was initiated more than two years ago and the parties had briefed several motions and nearly completed class certification discovery by the time they reached a settlement. The settlement was reached with the assistance of a neutral mediator, Robert Meyer, Esq., with whom the parties participated in an in-person mediation on October 30, 2023, and continued arms-length negotiations over the following months. The settlement is a fair and reasonable resolution of the claims and should be approved. For the reasons outlined below, Plaintiffs respectfully request that the Court preliminarily approve the settlement, conditionally certify the Settlement Class, order that notice be sent, and schedule a Final Approval Hearing.

## II.    PROCEDURAL HISTORY

On August 9, 2021, Plaintiff Moore filed a class action complaint in the United States District Court for the Northern District of California, alleging that Defendant violated the Washington Commercial Electronic Mail Act, RCW 19.190, *et seq.* ("CEMA") and the Washington Consumer Protection Act, RCW 19.86, *et seq.* ("CPA") by assisting its users to send unsolicited advertising text messages to Washington residents through the Robinhood referral program. (*See generally* ECF 1.) On September 16, 2021, Defendant moved to dismiss for failure to state a claim (ECF 21) and moved to transfer the action to the Western District of Washington (ECF 22). Both motions were fully briefed and argued on October 21, 2021 (ECF 27, 30, 31, 32,

---

[1] Unless otherwise defined, all capitalized terms have the same meanings as described in the parties' Settlement Agreement ("SA" or "Settlement"), attached to the Declaration of E. Michelle Drake ("Drake Decl.") as Exhibit 1.

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 1
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

33). The court declined to reach the motion to dismiss and transferred the case to this Court. (ECF 33.)

On February 9, 2022, Plaintiffs filed the First Amended Complaint ("FAC"), adding Plaintiff Gillette. (ECF 54.) On February 22, 2022, Defendant moved to dismiss the FAC. (ECF 55.) The motion was fully briefed (ECF 56, 57), and the Court entered its order denying the motion in full on August 3, 2022 (ECF 63). Defendant filed its Answer on August 17, 2022. (ECF 64.)

The parties completed extensive discovery. Both sides propounded and responded to multiple sets of written discovery requests and provided supplemental responses. Both sides produced documents and Defendant produced extensive sample data related to the referral program. Plaintiffs took two depositions of Defendant's representatives and both Plaintiffs were deposed. Plaintiffs retained an expert who provided an opening report related to class certification and responded to a subpoena related to his work. Throughout the discovery process, the parties held multiple telephonic and written meet and confers and negotiated the scope of responses and productions necessary to advance their positions.

The parties also engaged in extensive third-party discovery. Defendant deposed the two individuals that sent Plaintiffs the refer-a-friend text messages. Defendant also issued a subpoena to the operator of classaction.org seeking documents related to the initiation of Plaintiffs' retainment of their counsel, which Plaintiffs and their counsel successfully moved to quash. *See Moore, et al. v. Robinhood Fin. LLC*, No. 23-mc-76, ECF No. 24 (S.D.N.Y. April 26, 2023). Plaintiffs subpoenaed one of Defendant's vendors for relevant data. The parties also issued subpoenas to several cell providers for data and documents.

On October 30, 2023, the parties attended a full-day in-person mediation with Robert A. Meyer, Esq. of JAMS in Los Angeles and exchanged detailed mediation statements beforehand. While settlement was not reached at the mediation, the parties made significant progress towards resolution and continued subsequent arms-length negotiations with the assistance of Mr. Meyer.

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 2
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  On November 30, 2023, the parties executed a Settlement Terms Sheet. The parties then worked

2  to formalize the settlement in the Settlement Agreement, which is brought before the Court here

3  for preliminary approval.

### III.    THE SETTLEMENT AGREEMENT

5        The Settlement Agreement provides that Defendant will pay $9,000,000 as a non-

6  reversionary common fund for the Settlement Class (SA ¶ 1.20) and, in exchange, Settlement

7  Class Members will release all claims related to text messages regarding the Robinhood referral

8  program that were or could have been brought in this action (*id.* ¶ 1.13). The Settlement Class is

9  defined as:

> All persons or entities who received a Robinhood referral program text message, and
> who were Washington residents at the time of the receipt of such text message,
> between and including August 9, 2017 and the date of Preliminary Approval.
> Persons and entities who clearly and affirmatively consented in advance to receive
> Robinhood referral program text messages are excluded from the class.

14  (*Id.* ¶ 1.08.) Based on Defendant's data, Plaintiffs' Counsel estimates that at least one million

15  consumers with phone numbers containing Washington area codes received Robinhood refer-a-

16  friend text messages. (Drake Decl. ¶ 6.)

17        The Settlement Fund will be used to make payments to the Settlement Class, cover the

18  costs of administering the settlement, and pay any amounts approved by the Court for attorneys'

19  fees, costs, and expenses, and service awards for the Class Representatives. Each eligible

20  Settlement Class Member that submits a timely and valid Claim Form will receive an equal *pro*

21  *rata* distribution from the fund should the Court grant final approval. (SA ¶ 4.06.)

22  **A.    Notice**

23        The parties have agreed to request that JND Legal Administration ("JND") be appointed

24  as Settlement Administrator. The Settlement Administrator will be responsible for implementing

25  the Notice Plan as outlined in the Settlement Agreement and otherwise administering the

26  settlement. (SA ¶¶ 1.18, f1.19.) Notice to the Settlement Class will be achieved via email and

27  postcards, a settlement website and IVR phone line, and an online publication campaign. Class

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 3
Case No. 2:21-cv-01571-BJR

Members that have not filed claims by thirty days before the deadline to do so will be sent up to two reminder emails or postcards. The Notices will be in substantially the same form as attached to the Agreement as Exhibits A-F. The Notices contain detailed information about the settlement, including the information required by Fed. R. Civ. P. 23(c)(2)(B).

To facilitate individual notice to all Class Members who can be identified through reasonable efforts, the Settlement Agreement requires Defendant to provide to the Settlement Administrator (a) all telephone numbers with Washington area codes to which a referral text message was initiated as reflected in Robinhood's data; and (b) email and last known mailing address for Robinhood users who (i) provided a Washington address at signup, and (ii) provided to Robinhood a telephone number that is also present in Robinhood's data regarding potential recipients of referral text messages. (SA ¶ 2.03.) The Settlement Administrator will use standard industry practices to locate additional contact information for these individuals where necessary to effectuate the Notice Plan. (*Id.* ¶ 3.03.01.)

Individual notice will be sent via email and, if unavailable, postcard by U.S. mail, to all identifiable Settlement Class Members in the data produced by Defendant. (*Id.* ¶ 3.03.) The Settlement Administrator will also conduct an online publication notice campaign aimed to reach potential Settlement Class Members that cannot be identified through reasonable efforts. This portion of the Settlement Class could include, for example, recipients of Robinhood referral text messages that live in Washington but have a phone number with an area code from a different state. The online publication notice campaign will be targeted to current and former Washington residents using available advertising tools. (*Id.* ¶ 3.03.06; Declaration of Gina Intrepido-Bowden Regarding Settlement Notice Program ("Admin Decl.") ¶¶ 13, 14, 32-38) The online publication notice campaign will be designed to reach enough viewers to satisfy due process requirements. (*Id*. ¶ 52.)

The Settlement Administrator will establish and administer the Settlement Website, which will contain the Long Form Notice (Ex. A) and copies of filings and orders concerning the

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 4
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

settlement. (SA ¶ 3.03.02.) Class Members will be able to fill out and submit the Claim Form on the Settlement Website, fill out and mail the tear-off Claim Form provided on the Postcard Notice, or print out a Claim Form from the Website and mail it to the Administrator. (*Id.* ¶ 4.03; Ex. D; Ex. G.) The Claim Form will allow Settlement Class Members to select how they would like to receive payment, including via check or electronic transfer (e.g., Venmo or PayPal). The Settlement Administrator will also establish a toll-free IVR telephone line for Class Members to call for answers to FAQs. (*Id.* ¶ 3.03.03.) And Class Counsel's contact information will be provided to Class Members for live assistance. (*Id.*)

**B.      Distribution of the Settlement Fund**

The Settlement Fund will be used to cover the costs of administering the settlement, and pay any amounts approved by the Court for attorneys' fees, costs, and expenses, and service awards for the Class Representatives, and *pro rata* payments to Class Members that file valid claims. (SA § IV.) If any checks remain uncashed after the first distribution, the remaining amounts will be redistributed on a *pro rata* basis to those Settlement Class Members who successfully received their payments, if feasible. (*Id.* ¶ 4.06.) Any amounts remaining after that will be sent to the parties' agreed *cy pres* recipient: the Legal Foundation of Washington. (*Id.*)

To be eligible for a settlement payment, Settlement Class Members must submit a valid and timely Claim Form via the Settlement Website or mail. (*Id.* ¶ 4.03.) The Claim Form requires a straightforward attestation that the Class Member (1) received one or more refer-a-friend program text messages regarding Robinhood on a telephone number to be provided on the Claim Form, (2) owns or regularly uses that same telephone number, (3) was a Washington resident at the time they received the text message, and (4) did not clearly and affirmatively consent in advance to receive the text message. (*Id.* ¶ 4.03.01.)

Claimants that provide a unique claims code found on the Email and Postcard Notices and a phone number that is contained in the data, will not be required to submit any additional documentation. (*Id.* ¶ 4.03.02.) Claimants that do not have a claims code but provide a phone

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 5
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

number that is contained in the data, will be required to provide the Washington address where they resided when they received the text message. (*Id.* ¶ 4.03.03.) Claimants that provide a phone number that is not contained in the data will be required to (i) provide the Washington address where they resided when they received the text message, and (ii) submit an image of the text message they received, with their Claim Form. (*Id.* ¶ 4.03.04.) The Settlement Administrator will be responsible for reviewing and determining the validity of Claim Forms and has the discretion to use industry standard practices to verify addresses and, if necessary, to request additional proof of residence, such as a Washington license. (*Id.* ¶¶ 4.04, 4.03.03, 4.03.04.) Claimants will be provided fourteen calendar days to cure any defects in their claim. (*Id.* ¶ 4.05.)

As will be detailed in a separate motion, the two named Plaintiffs, Mr. Cooper and Mr. Gillette, will request up to $10,000 each from the Settlement Fund as Class Representative service awards. (*Id.* ¶ 1.17.) Class Counsel will also request that the Court approve for distribution from the Settlement Fund reasonable attorneys' fees of up to 25% of the Settlement Fund for Plaintiffs' Counsel and reimbursement for documented out-of-pocket expenses, currently estimated to be around $151,000.00. (Drake Decl. ¶ 7.) Plaintiffs' motion for attorneys' fees and costs and service awards will be filed at least thirty days before the deadline for claims, opt outs, and objections, and the papers will be posted to the Settlement Website for Class Members to review within 24 hours of filing. (SA ¶¶ 2.04, 3.03.02.) Approval of the Settlement Agreement does not depend on the full amount of any requested fees, costs, or service awards being approved, and there is no clear sailing agreement.

The parties will also request the expenses of the Settlement Administrator be reimbursed from the common fund. (*Id.* ¶ 2.02.) Currently, those expenses are estimated to be $670,000. (Admin. Decl. ¶ 53.)

## C.    Opt-Outs and Objections

The proposed Notices inform Settlement Class Members of their right to opt-out of or object to the settlement, instructions on how to do so, and associated deadlines. (SA, Exs. A-F.)

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 6
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Settlement Class Members who choose to opt-out or object must, by the Opt-Out and Objection

2  Deadline, submit an appropriate written statement to the Settlement Administrator. (*Id.* ¶ 3.04.)

3  Any objections must specifically state the basis for the objection and, if the objecting the

4  Settlement Class Member is represented by counsel, counsel's contact information, whether they

5  intend to appear at the hearing, and if they intend to request fees. (*Id.* ¶ 3.04.02.)

6  **IV.    ARGUMENT**

7  **A.    The Settlement Class Should be Certified for Settlement Purposes**

8       The Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23 for

9  settlement purposes. Rule 23(a) requires a proposed class meet thresholds of numerosity,

10 commonality, typicality, and adequacy. Rule 23(b)(3) requires Plaintiffs to establish "that the

11 questions of law or fact common to class members predominate over any questions affecting

12 only individual members, and that a class action is superior to other available methods for fairly

13 and efficiently adjudicating the controversy." "[T]he aspects of Rule 23(a) and (b) that are

14 important to certifying a settlement class are 'those designed to protect absentees by blocking

15 unwarranted or overbroad class definitions.'" *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d

16 539, 558 (9th Cir. 2019) (citation omitted). "The focus is 'on whether a proposed class has

17 sufficient unity so that absent members can fairly be bound by decisions of class

18 representatives." *Id.* (citation omitted).

19      1.    Numerosity

20      "[G]enerally, courts will find that the numerosity requirement has been satisfied when the

21 class compromises 40 or more members." *McCluskey v. Trs. Of Red Dot Corp. Emp. Stock*

22 *Ownership Plan & Trust*, 268 F.R.D. 670, 674 (W.D. Wash. 2010). Based on Defendant's data,

23 Plaintiffs' Counsel estimate that at least one million consumers with phone numbers containing

24 Washington area codes received Robinhood referral text messages. (Drake Decl. ¶ 6.)

25 Numerosity is easily met.

26

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 7
Case No. 2:21-cv-01571-BJR

2.    <u>Commonality</u>

The Settlement Class also satisfies the commonality requirement, which requires that class members' claims "depend upon a common contention," of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, there are several questions of law and fact common to the Settlement Class Members, including, for example, whether Defendant assisted in the transmission of the unsolicited text messages in relation to the Robinhood referral program and whether that assistance established the elements of a claim under the CEMA. Common questions such as these are often certified in consumer class actions. *See*, *e.g.*, *Booth v. Appstack, Inc.*, No. 13-1533, 2015 WL 1466247, *8 (W.D. Wash. Mar. 30, 2015) (commonality in TCPA case satisfied where defendant used the same mechanism to play messages for class members); *Ikuseghan v. Multicare Health Sys.*, No. 14-5539, 2015 WL 4600818, *6 (W.D. Wash. July 29, 2015) (commonality found in TCPA case where automated dialing system used by defendant was the same for all class members); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1306 (D. Nev. 2014) (questions of TCPA liability satisfied commonality).

3.    <u>Typicality</u>

"[R]epresentative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *see also Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Plaintiffs' claims are typical of the Settlement Class as they arise from the same course of alleged conduct: Defendant's processes and procedures for encouraging and enabling Robinhood users to send unsolicited text messages to Washington residents in the Robinhood App. *See*, *e.g.*, *Agne v. Papa John's Int'l, Inc.*, 286

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 8
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  F.R.D. 559, 569 (W.D. Wash. 2012) (finding typicality satisfied where the plaintiff's claims,

2  "like all class members' claims, arise from text marketing campaigns commissioned by Papa

3  John's franchisees and executed by the same marketing vendor"); *Whitaker v. Bennett Law,*

4  *PLLC*, No. 13-3145, 2014 WL 5454398, *5 (S.D. Cal. Oct. 27, 2014) (typicality satisfied where

5  each class member's claim "revolves exclusively around [the defendant's] conduct as it

6  specifically relates to the alleged violations of the TCPA").

7         4.    Adequacy

8         Adequacy requires the representative of a class to provide fair and adequate

9  representation of the class. Fed. R. Civ. P. 23(a)(4). "To determine whether named plaintiffs will

10 adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and

11 their counsel have any conflicts of interest with other class members and (2) will the named

12 plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v.*

13 *Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (quoting *Hanlon*, 150 F.3d at 1020).

14        Plaintiffs have retained counsel with significant expertise in complex consumer class

15 actions. (Drake Decl. ¶¶ 11-19; Declaration of Beth E. Terrell ("Terrell Decl.") ¶¶ 1-8.)

16 Moreover, the Plaintiffs have no conflicts with the Settlement Class, as they have the same

17 interest as all other Settlement Class Members in receiving a *pro rata* payment from the

18 Settlement Fund. Plaintiffs have adequately represented the Settlement Class by being engaged

19 in this litigation for more than two years, communicating with Plaintiffs' Counsel throughout,

20 actively participating in discovery (including by being deposed), reviewing and approving the

21 Settlement Agreement, and continuously putting the interests of the Settlement Class first,

22 including by rejecting individual settlement offers in favor of pursuing class-wide relief. (Drake

23 Decl. ¶ 8.) Plaintiffs and Plaintiffs' Counsel also vigorously opposed Robinhood's subpoena to

24 the operator of classaction.org, which sought absent class member communications with

25 Plaintiffs' Counsel, by hiring outside counsel for the operator and filing motions to quash in the

26 Southern District of New York. (*Id.* ¶ 5.) Accordingly, Plaintiffs and their Counsel are adequate.

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 9
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1                5.    Predominance

2          In addition to the Rule 23(a) considerations, Rule 23(b)(3) looks at predominance of

3   common questions of law and fact over individual questions. In analyzing this factor, the inquiry

4   is "whether proposed classes are sufficiently cohesive to warrant adjudication by representation."

5   *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 622 (1997). The focus is "on the relationship

6   between the common and individual issues. When common questions present a significant aspect

7   of the case and they can be resolved for all members of the class in a single adjudication, there is

8   clear justification for handling the dispute on a representative rather than on an individual basis."

9   *Hanlon*, 150 F.3d at 1022 (citations and quotations omitted). In the context of certification of a

10  settlement class in particular, predominance is "readily met" where "class members were

11  exposed to uniform…misrepresentations and suffered identical injuries within only a small range

12  of damages." *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d at 559.

13         Common questions of law and fact predominate here, as Plaintiffs allege Settlement

14  Class Members were all damaged by Defendant's uniform alleged conduct throughout the class

15  period and the damages available to Settlement Class Members are set by the CEMA and CPA.

16  The issues arising from this conduct can be resolved with class-wide evidence and predominance

17  is therefore satisfied.

18               6.    Superiority

19         Rule 23(b)(3) also looks at whether a "class action is superior to other available methods

20  for the fair and efficient adjudication of the controversy."  Because the claims are being certified

21  for purposes of settlement, there are no issues with manageability. *Amchem,* 521 U.S. at 620

22  ("Confronted with a request for settlement-only certification, a district court need not inquire

23  whether the case, if tried, would present intractable management problems … for the proposal is

24  that there be no trial."). Additionally, resolution of thousands of claims in one action is far

25  superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See id.*

26  at 617 (noting the "policy at the very core of the class action mechanism is to overcome the

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 10
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  problem that small recoveries do not provide the incentive for any individual to bring a solo

2  action prosecuting his or her rights"). If Settlement Class Members do prefer an individual

3  action, the settlement provides them the right to opt-out. Certification for purposes of settlement

4  is appropriate.

5  **B.    The Settlement Should Be Preliminarily Approved**

6       The court's role at the preliminary approval stage is to ensure that "the agreement is not

7  the product of fraud or overreaching by, or collusion between, the negotiating parties, and that

8  the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150

9  F.3d at 1027 (citation omitted); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934,

10  944 (9th Cir. 2015).

11       Under Federal Rule of Civil Procedure 23(e)(2), a district court considers whether (A) the

12  class representatives and their counsel have adequately represented the class; (B) the proposal

13  was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into

14  account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed

15  method of distributing relief including the method of processing class member claims, if

16  required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment;

17  (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the

18  proposed settlement; and (v) the proposal treats class members equitably relative to each other.

19  Fed. R. Civ. P. 23(e)(2). These factors are similar to those previously identified by the Ninth

20  Circuit, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and

21  likely duration of further litigation; (3) the risk of maintaining class action status through trial;

22  (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the

23  proceedings; (6) the experience and views of counsel; (7) the presence of a governmental

24  participant; and (8) the reaction of the class members to the proposed settlement. *See In re*

25  *Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

26

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 11
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Plaintiffs will address the factors outlined by Rule 23(e)(2) and the Ninth Circuit, many

2    of which overlap.[2]

3    1.    The Settlement is the Result of Arms-Length Informed Negotiations

4    Where, as here, a settlement is reached before class certification, settlement agreements

5    "must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of

6    interest than is ordinarily required under Rule 23(e), because at this stage "there is an even

7    greater potential for a breach of fiduciary duty owed the class during settlement." *In re*

8    *Bluetooth*, 654 F.3d at 946. That test "requires the court to look for and scrutinize any subtle

9    signs that class counsel have allowed pursuit of their own self-interests to infect the

10    negotiations." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 782 (9th Cir. 2022)

11    (cleaned up).

12    No such "subtle signs" are present here. The parties negotiated the settlement following a

13    full day, in-person mediation with a third-party neutral mediator, Robert Meyer of JAMS, that

14    facilitated subsequent arms-length discussions through highly experienced counsel. *See* Fed. R.

15    Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or

16    court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether they

17    were conducted in a manner that would protect and further the class interests").

18    Moreover, the parties had conducted extensive factual investigation, motion practice, and

19    adversarial discovery, including bringing a discovery dispute to the Court for resolution,

20    completing multiple depositions and an expert report, and briefing motions to quash in the

21    Southern District of New York, all prior to settlement. Additionally, they exchanged detailed

22    mediation statements before mediation and shared additional information as discussions

23    continued. Consequently, the parties were able to adequately assess the strengths and weaknesses

24    of their positions and balance the benefits of settlement against the risks of further litigation.

25

26

27    [2] The reaction of the Class will not be known until after notice has been distributed. Plaintiffs will provide the Court with information about Class Members' reaction in the motion for final approval.

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 12
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The parties were represented by competent counsel throughout litigation and settlement negotiations. Counsel's years of experience in the realm of complex consumer class actions, combined with the solid understanding of the facts and law of the case, support the approval of the settlement reached. *See Bellinghausen v. Tractor Supply Co*., 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties.") (citation omitted); *Romero v. Securus Tech., Inc.*, No. 16-1283, 2020 WL 3250599, *6 (S.D. Cal. June 16, 2020) (finding class counsel's "extensive experience in complex litigation and class actions" to support preliminary approval).

The Settlement Agreement itself contains none of the provisions often considered to be "red flags" suggesting that Plaintiffs' Counsel allowed their own self-interest to influence settlement negotiations—such as (1) counsel receiving a disproportionate distribution of the settlement; (2) the parties negotiating a "clear sailing" arrangement; or (3) the parties creating a reverter that returns unclaimed funds to the defendant. *See In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d at 569 (discussing typical signs of collusion that arise in class settlements). Indeed, because Counsel will be paid from the same Settlement Fund as Settlement Class Members, they were incentivized to negotiate the largest fund possible, and the Court has ultimate discretion over the amount of the attorneys' fee award after reviewing Counsel's motion.

       2.    <u>The Relief Is Appropriate Considering the Strengths of Plaintiffs' Case and the Risks of Further Litigation</u>

Plaintiffs achieved an excellent result on behalf of the Settlement Class by obtaining a $9,000,000 agreement from Defendant to settle Plaintiffs' and Settlement Class Members' claims against it. The Settlement Fund will be used to pay the costs of notice and settlement administration (estimated to be just under $670,000), attorneys' fees ($2,250,000), out-of-pocket litigation costs ($151,215), and service awards to the Plaintiffs ($20,000). Should the requested amounts be approved by the Court, the remainder of the Fund (approximately $5,908,785) will be distributed *pro rata* to Settlement Class Members who timely file a Claim Form. Assuming

1  the requested amounts are awarded and a claims rate of 5-10%,[3] the per claimant payment would

2  be $45–$90 or 9-18% of the $500 statutory damages Settlement Class Members each had alleged

3  claims for, excluding the possibility of treble damages. This result compares favorably to other

4  settlements involving claims for allegedly unwanted telemarketing texts and calls. *See, e.g.*,

5  *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 597-8 (N.D. Cal. 2020) (amount of

6  settlement providing $4 per claimant, or "7.4% of estimated damages," weighed in favor of

7  approval); *Estrada v. iYogi, Inc.*, No. 13-1989, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015)

8  (granting preliminary approval to TCPA settlement where class members estimated to receive

9  $40); *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 588 (N.D. Cal. 2015) (approving

10  settlement of state consumer law claims providing for $14.81 per claimant, finding it "represents

11  a significant portion of the recovery that class members could expect if they were to achieve total

12  victory at trial."); *Rose v. Bank of Am. Corp.*, No. 11-2390, 2014 WL 4273358, at *10 (N.D. Cal.

13  2014) (approving TCPA settlement where claimants were estimated to receive $20 to $40);

14  *Dennings v. Clearwire Corp.*, No. 10-1859, 2013 WL 1858797, at **2-3 (W.D. Wash. May 3,

15  2013) (average claim payment of $16.02 in settlement of Washington CPA claims).

16          While Plaintiffs are confident in the strength of their case, they are also pragmatic about

17  the risks inherent in the remaining phases of litigation. At the time of settlement, there remained

18  Plaintiffs' motion for class certification, additional expert discovery, summary judgment, trial,

19  and likely appeals. Litigating this case to trial and through any appeals would be expensive,

20  time-consuming, and risky. The settlement, by contrast, provides prompt and certain relief for

21  Settlement Class Members. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir.

22  2009); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004)

23  ("The Court shall consider the vagaries of litigation and compare the significance of immediate

24

25  _____

26  [3] Claims rates are notoriously difficult to estimate. While the parties have agreed to a notice plan designed to result in a robust claims rate, the actual claims rate in this case may be on the lower end of the range (or even lower). That is because the estimated rate is based on a potential class size of 1.3 million people. Some of those people may ultimately not be Class Members because they did not receive the text messages, consented to receive the text messages, or because they resided outside of Washington when they received them.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  recovery by way of the compromise to the mere possibility of relief in the future, after protracted

2  and expensive litigation.") (citation omitted); *see also Noll v. eBay, Inc.*, 309 F.R.D. 593, 606

3  (N.D. Cal. 2015) ("Immediate receipt of money through settlement, even if lower than what

4  could potentially be achieved through ultimate success on the merits, has value to a class,

5  especially when compared to risky and costly continued litigation.").

6          3.      The Settlement Will Be Fairly Distributed

7          The method for distributing the Settlement Fund on a *pro rata* basis to Class Members

8  that submit timely and valid Claim Forms is reasonable and equitable. First, the parties have

9  agreed to a notice program that is designed to maximize the claims rate by sending individual

10 notice where possible and sending two reminder notices before the end of the claims period.

11 Second, to file a claim, most Settlement Class Members with Washington area codes need only

12 complete a Claim Form attesting to the factors of class membership and providing the phone

13 number at which the unsolicited text message(s) was received. Other Settlement Class Members

14 without claims codes or verifiable phone numbers must provide a Washington address at which

15 they resided because Washington residency is an essential element of the claims at issue. It is

16 also not too onerous to require these Settlement Class Members to provide an image of the text

17 message and proof of Washington residency. Unlike many claims concerning spam text

18 messages where the senders are unknown to the recipients, here Settlement Class Members are

19 more likely to have retained the Robinhood refer-a-friend text messages because they were

20 typically sent by a friend or family member. Third, the requirements for claims are necessary to

21 limit fraudulent claims to the benefit of the Settlement Class. (*See* Admin. Decl. ¶¶ 49-51

22 (explaining the tools it will use to prevent fraud and ensure settlement payments are received by

23 actual settlement class members).)

24         The process described above is appropriate based on the available data, which reflects the

25 phone numbers of the majority of Settlement Class Members, but cannot be used to verify all

26 claims. *See, e.g., Fitzhenry-Russell v. Coca-Cola Co.*, No. 17-603, 2019 WL 11557486, *7 (N.D.

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 15
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Cal. Oct. 3, 2019) ("the Court concludes that the distribution method and claims process is reasonable. Class Members who seek benefits under the Settlement must only submit a relatively simple claim form with basic questions about class membership. The process would be no different than that required after trial, as Defendant [ ] has no means of directly identifying [ ] class members."); *see also In re WorldCom, Inc. Sec. Litig.*, No. 02-3288, 2004 WL 2591402, *12 (S.D.N.Y. Nov. 12, 2004) (requiring claim form was "important in helping to insure that the settlement fund is distributed to class members who deserve to recover from the fund").

Plaintiffs intend to request Court approval of service awards of $10,000 each. The Ninth Circuit views these types of awards as "intended to compensate class representatives for work undertaken on behalf of a class" and "are fairly typical in class action cases." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 943 (internal quotation omitted). The factors courts consider include the class representatives' actions to protect the interests of the class, the degree to which the class has benefitted from those actions, the time and effort the class representatives expended in pursuing the litigation, and any risk the class representatives assumed. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Plaintiffs here dedicated significant time assisting Counsel in this case including by providing written discovery responses, locating and producing documents, and participating in in-person depositions in Seattle. Plaintiffs also assisted in the settlement process by authorizing the settlement in principle and reviewing and executing the Settlement Agreement. Perhaps most importantly, Plaintiffs both rejected individual settlement offers so that they could pursue a result that benefited Class Members and not just themselves. Awards of $10,000 are reasonable and in line with awards approved by courts in this District. *See, e.g.*, *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 & n.9 (W.D. Wash. 2009) (collecting cases approving awards ranging from $5,000 to $40,000). Plaintiffs will provide further support for their request in the forthcoming motion for attorneys' fees, costs, and service awards, but note here that the awards are subject to the Court's approval and the settlement is not contingent upon the awards being approved.

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 16
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

No agreements have been made in connection with the proposed settlement other than the Settlement Agreement and the Settlement Terms Sheet outlining the essential settlement terms on which the Settlement Agreement was based. *See* Fed. R. Civ. P. 23(e)(3).

4.    The Settlement Has No Obvious Deficiencies

There are no obvious deficiencies in the Settlement Agreement. *See In re Bluetooth*, 654 F.3d at 947. The only contemplated deductions from the Settlement Fund are the Plaintiffs' service awards, 25% for attorneys' fees, and reimbursement of documented out-of-pocket expenses of Class Counsel and the Settlement Administrator. All of these contemplated requests will require judicial approval and the settlement does not depend on approval of the requested amounts. The totality of the Settlement Fund will then be paid out to eligible Settlement Class Members in equal shares, and there is no reversion of any funds to the Defendant. These circumstances support approval here. *Moorer v. StemGenex Med. Grp., Inc.*, No. 16-2816, 2021 WL 4993054, *5 (S.D. Cal. Oct. 26, 2021) (finding no deficiencies in settlement where common fund would be used to pay the administrator, service awards, class counsel's fees and costs, and then equal shares to class members).

Plaintiffs' Counsel will file a motion for attorneys' fees, costs, and expenses addressing the factors courts consider when awarding attorneys' fees in class action cases. The motion will also detail the costs incurred. The motion will be filed at least thirty days before the deadline for opt-outs and objections and will be posted on the Settlement Website. Fed. R. Civ. P. 23(h); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

Additionally, the scope of the Settlement Class Members' release of claims is appropriately tailored to the receipt of text messages related to the Robinhood referral program and is thus not overly broad and is on point with the claims asserted on behalf of the Class in the litigation.

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 17
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**C.    The Notice Plan Complies with Fed. R. Civ. P. 23(e) and Due Process**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the court. Fed. R. Civ. P. 23(c)(2)(B). Under Rule 23(c)(2)(B) "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem*, 521 U.S. at 617. The notice must state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B); *see also In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d at 567 ("settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably'") (citation omitted).

The proposed Notices meet all the requirements of Rule 23(c)(2)(B) by advising Settlement Class Members of the nature of the claims involved in the case; the essential terms of the settlement, including the definition of the Settlement Class, the rights of Settlement Class Members to participate in the settlement, to request exclusion from the Settlement Class or to object to the settlement, and the associated deadlines for exercising these rights, as well as the procedural requirements for opting out, objecting, and for making an appearance at the Final Fairness Hearing; and the time and place of the Final Fairness Hearing. (SA, Exs. A-F.) The Notices provide details as well on what is required for a valid claim and direct Class Members to the Settlement Website where they can submit a claim online. (*Id.* ¶ 4.03.) Thus, the Notices

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 18
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1  provide the necessary information for Settlement Class Members to make an informed decision

2  regarding the proposed settlement.

3        The parties have also developed a plan for best notice that is practicable under the

4  circumstances. Direct notice will be sent to roughly one million potential Settlement Class

5  Members with phone numbers containing Washington area codes in Defendant's data. (SA ¶

6  3.03.) Email and mail address information will be obtained by the Settlement Administrator for

7  direct notice based on the telephone numbers in Defendant's data. In addition to locating

8  additional contact information for these Settlement Class Members as needed to send direct

9  notice, the Settlement Administrator will use social media to target advertisements to users

10 associated with the phone numbers in the data. (Admin. Decl. ¶ 38.) An online publication

11 campaign will provide broader notice to potential Settlement Class Members that do not have

12 phone numbers in the data. (*Id*. ¶¶ 32-37.) While the parties lack data to accurately estimate the

13 total number of potential Settlement Class Members that do not have phone numbers in the data,

14 Plaintiffs' Counsel estimates that there are roughly 300,000 such potential Settlement Class

15 Members. (Drake Decl. ¶ 6.) The online publication campaign will use advertising tools to target

16 these individuals. (Admin. Decl. ¶¶ 32-38.)

17       This Notice Plan and the forms of Notice are reasonably calculated to provide the

18 Settlement Class Members with adequate notice as required by Fed. R. Civ. P. 23. *See*, *e.g.*,

19 *Arthur v. Allie Mae, Inc.*, No. 10-198, 2010 WL 11575129, **2-3 (W.D. Wash. Sept. 14, 2010)

20 (approving notice plan as "best practicable notice" where the administrator would provide direct

21 notice via email or mail depending on the defendant's records, post notice via a settlement

22 website, and provide publication notice via print); *Ohring v. UniSea, Inc.*, No. 21-0359, 2023

23 WL 7413046, *5 (W.D. Wash. Nov. 9, 2023) (approving notice plan where class members would

24 receive notice via mail and/or email, or by text message depending on contact information

25 available); *In re Wash. Mut. Mortg. Backed Secs. Litig.*, No. 09-37, 2013 WL 12155026, *1

26

27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 19
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    (W.D. Wash. Jan. 11, 2013) (finding notice to be "due and adequate" where it was distributed via

2    mail, publication, and settlement website).

3    **V.    CONCLUSION**

4    For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an order,

5    substantially in the form of the proposed Preliminary Approval Order: (i) conditionally certifying

6    the Settlement Class, appointing Plaintiffs as Class Representatives, and Plaintiffs' Counsel as

7    Class Counsel; (ii) preliminarily approving the proposed settlement as fair, reasonable, and

8    adequate; (iii) approving the form and manner of notice and directing that notice of the proposed

9    settlement be given to members of the Settlement Class; and (iv) scheduling a hearing before the

10   Court to determine whether the settlement should be finally approved.

11   RESPECTFULLY SUBMITTED AND DATED this 8th day of February, 2024.

12   TERRELL MARSHALL LAW GROUP

13   *I certify that this memorandum contains 6759*
14   *words, in compliance with the Court's Order*
     *Granting Plaintiffs leave to file an overlength brief.*
15

16   By: /s/ Beth E. Terrell, WSBA #26759
        Beth E. Terrell, WSBA #26759
17      Email: bterrell@terrellmarshall.com
        Jennifer Rust Murray, WSBA #36983
18      Email: jmurray@terrellmarshall.com
        936 North 34th Street, Suite 300
19      Seattle, Washington 98103
        Telephone: (206) 816-6603
20

21      Sophia M. Rios, *Admitted Pro Hac Vice*
        Email: srios@bm.net
22      BERGER MONTAGUE PC
        401 B Street, Suite 2000
23      San Diego, CA 92101
        Telephone: (619) 489-0300
24

25      E. Michelle Drake, *Admitted Pro Hac Vice*
        Email: emdrake@bm.net
26      BERGER MONTAGUE PC
        1229 Tyler Street NE, Suite 205
27

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 20
Case No. 2:21-cv-01571-BJR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Minneapolis, Minnesota 55413
Telephone: (612) 594-5999

Mark Desanto, *Admitted Pro Hac Vice*
Email: mdesanto@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3046

Zachary M. Vaughan, *Admitted Pro Hac Vice*
Email: zvaughan@bm.net
BERGER MONTAGUE PC
2001 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
Telephone: (215) 875-4602

*Attorneys for Plaintiffs*

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 21
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com