THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

COOPER MOORE and ANDREW
GILLETTE, on their own behalf and on
behalf of all others similarly situated,

           Plaintiffs,

   v.

ROBINHOOD FINANCIAL LLC, a
Delaware limited liability company,

           Defendant.

Case No. 2:21-cv-01571-BJR

**ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
AND CONDITIONAL CLASS
CERTIFICATION**

The Settlement Agreement has been filed with the Court (ECF No. 93-1) and the definitions and terms set forth in the Settlement Agreement are incorporated herein by reference. The Court, having reviewed the Settlement Agreement entered by Plaintiffs Cooper Moore and Andrew Gillette ("Plaintiffs" or "Class Representatives") and Defendant Robinhood Financial LLC ("Defendant") (collectively, the "Parties"), hereby Orders that:

1.     The Court has considered the proposed settlement of the claims asserted under the Washington Commercial Electronic Mail Act ("CEMA") and the Washington Consumer Protection Act ("CPA"), by a class of consumers defined as follows (the "Settlement Class"): All persons or entities who received a Robinhood referral program text message, and who were Washington residents at the time of the receipt of such text message, between and including August 9, 2017 and the date of Preliminary Approval. Persons who clearly and affirmatively consented in advance to receive Robinhood referral program text messages are excluded from the class. The Settlement Class does not include Defendant, any entity that has a controlling

1    interest in Defendant, and Defendant's current or former directors, officers, counsel, and their

2    immediate families. The Settlement Class also does not include any persons who validly request

3    exclusion from it.

4         2.    The Settlement Agreement entered between the Parties (ECF No. 93-1), appears,

5    upon preliminary review, to be fair, reasonable, and adequate to Members of the Settlement

6    Class ("Settlement Class Members"). Accordingly, for settlement purposes only, the proposed

7    settlement is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

8         3.    The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been

9    preliminarily satisfied, for settlement purposes only, in that:

10           (a)    The Settlement Class is estimated to contain more than 500,000 Class

11               Members and is sufficiently numerous;

12           (b)    The claims of the Class Representatives are typical of those of the other

13               Settlement Class Members;

14           (c)    There are questions of fact and law that are common to all Settlement

15               Class Members; and

16           (d)    The Class Representatives will fairly and adequately protect the interests

17               of the Settlement Classes and have retained Class Counsel experienced in

18               consumer class action litigation who have and will continue to adequately

19               represent the Settlement Classes.

20        4.    For settlement purposes only, the Court finds that this action is preliminarily

21   maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (1) a class action

22   settlement is superior to other available means for the fair and efficient adjudication of this

23   controversy; and (2) for purposes of settlement, questions of fact and law common to Settlement

24   Class Members predominate over any questions affecting only individual members.

25        5.    If the Settlement Agreement is not finally approved, is not upheld on appeal, or

26   is otherwise terminated for any reason before Final Approval, then the Settlement Class shall be

27   decertified; the Settlement Agreement and all negotiations, proceedings, and documents

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 2
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

6.      The Court appoints Cooper Moore and Andrew Gillette as the Class Representatives for the Settlement Class. The Court also appoints Beth E. Terrell and Jennifer Rust Murray of Terrell Marshall Law Group PLLC and E. Michelle Drake and Sophia M. Rios of Berger Montague PC, as counsel for the Settlement Class ("Class Counsel").

7.      The Court appoints JND Legal Administration as the Settlement Administrator.

8.      The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on July 16, 2024, to be held by videoconference at 10:00 a.m., for the following purposes:

(a)     To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

(b)     To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

(c)     To consider the application of Class Counsel for an award of attorney's fees, costs, and expenses, and for service awards to the Class Representatives; and

(d)     To rule upon other such matters as the Court may deem appropriate.

9.      As is provided in Section 2.03 of the Settlement Agreement, Defendant shall provide the Settlement Class Member Data to the Settlement Administrator, who shall send the agreed upon Notices to the Settlement Class Members in accordance with the notice plan set forth in the Settlement Agreement. The Court also approves the Parties' Notices, which are attached to the Settlement Agreement. To the extent the Parties or Settlement Administrator determine that ministerial changes to the Notices are necessary before disseminating either to the Settlement Classes, they may make such changes without further application to the Court.

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 3
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10.    The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, including its use of individual notice to all Settlement Class Members who can be identified with the available data and reasonable effort, and shall constitute due and sufficient notice to all persons entitled thereto.

11.    If a Settlement Class Member chooses to opt out of the Settlement Class, such class member is required to submit a Request for Exclusion to the Settlement Administrator, postmarked on or before the date specified in the Notice, which shall be ninety (90) calendar days from the date of this Order is entered (the "Opt Out & Objections Deadline"). The Request for Exclusion must include the items identified in the Settlement Agreement pertaining to such requests. Each written request for exclusion must be signed by the individual seeking exclusion, submitted by the Class Member, and may only request exclusion for that one individual.  No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion on behalf of any other person within the Settlement Class.  "Mass" or "class" exclusion requests shall not be permitted.

A Settlement Class Member who submits a valid and timely Request for Exclusion using the procedure identified above shall be excluded from the Settlement Class for any and all purposes. No later than twenty-eight (28) days after the Opt Out & Objections Deadline, the Settlement Administrator shall prepare a declaration listing all of the valid opt-outs received and shall provide the declaration and list to Class Counsel and Defendant's counsel, with Class Counsel then reporting the names appearing on this list to the Court before the Final Approval Hearing.

12.    A Settlement Class Member who does not file a timely Request for Exclusion, or otherwise does not follow the procedure described in the Settlement Agreement, shall be bound by all subsequent proceedings, orders, and judgments in this action pertaining to the Settlement Class.

13.    Any Settlement Class Member who wishes to be heard orally at the Final

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 4
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Approval Hearing, and/or who wishes for any objection to be considered, must submit a written notice of Objection to the Settlement Administrator postmarked no later than the Opt Out & Objections Deadline.

As set forth in the Settlement Agreement, the Objection must include the following: (1) the Settlement Class Member's full name, address, and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel, whether counsel intends to submit a request for fees, and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel.

Any Settlement Class Member who fails to timely file and serve a written Objection pursuant to the terms of Settlement Agreement shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means. Any Settlement Class Member who files an Objection is subject to having their deposition taken prior to the Final Approval Hearing. A Settlement Class Member may withdraw an Objection by communicating such withdrawal in writing to Class Counsel.

14.     The Court approves the claims procedures set forth in the Settlement Agreement. A valid Claim Form, as defined in the Settlement Agreement, must be submitted as required in the Class Notice online or postmarked no later than ninety (90) calendar days after the date of this order.

15.     All briefs, memoranda, petitions, and affidavits to be filed in support of an individual award to the Class Representative and in support of Class Counsel's application for fees, costs and expenses, shall be filed with the Court no later than thirty (30) days prior to the

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Opt Out & Objections Deadline.

16.     Any other briefs, memoranda, petitions, or affidavits that Class Counsel intends to file in support of final approval shall be filed not later than thirty (30) days after the Opt Out & Objections Deadline. Notwithstanding the foregoing, Class Counsel may submit declarations from the Settlement Administrator regarding any updates in information regarding notice, claims,  and opt-outs no later than fourteen (14) days prior to the Final Approval Hearing.

17.     Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Class Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by Defendant or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Defendant.

18.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement. All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement. Pending final determination of whether the settlement should be approved, Class Representatives, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 6
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

2   **IT IS SO ORDERED**.

3

4   DATED this 13th day of February 2024.

5

6

7   _____

8   BARBARA J. ROTHSTEIN
    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND CONDITIONAL CLASS
CERTIFICATION - 7
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com