THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

COOPER MOORE and ANDREW GILLETTE, on their own behalf and on behalf of all others similarly situated,

Plaintiffs,

v.

ROBINHOOD FINANCIAL LLC, a Delaware limited liability company,

Defendant.

Case No. 2:21-cv-01571-BJR

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

PLAINTIFFS' MOTION FOR FINAL APPROVAL
Case No. 2:21-cv-01571-BJR

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 2

III. ARGUMENT ....................................................................................................................... 4

    A. Plaintiffs and Class Counsel have adequately represented the Settlement Class ........................................................................................................ 5

    B. The settlement is the result of arm's-length, non-collusive negotiations ............... 5

    C. The relief provided for the Settlement Class is adequate ....................................... 7

        1. The costs, risks, and delay of trial and appeal ............................................ 7

        2. Claimants will receive substantial cash payments ..................................... 8

        3. Class Counsel's requested attorneys' fees are reasonable ......................... 9

    D. The settlement treats Settlement Class Members equitably relative to each other ................................................................................................................ 10

    E. The reaction of the Settlement Class was positive ............................................... 10

    F. The Court-Ordered notice program is constitutionally sound ............................. 11

    G. The Settlement Class should be finally certified .................................................. 12

    H. The requested fees, costs, and service payment should be approved .................. 12

IV. CONCLUSION .................................................................................................................. 12

PLAINTIFFS' MOTION FOR FINAL APPROVAL - i
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

I.     INTRODUCTION

Plaintiffs Cooper Moore and Andrew Gillette request the Court grant final approval of the class action settlement that they reached with Defendant Robinhood Financial LLC. The settlement, reached after over two years of contested litigation, and following extensive arm's-length negotiations, resolves this class action that Plaintiffs brought under the Washington Commercial Electronic Mail Act, RCW 19.190, *et seq.* ("CEMA") and the Washington Consumer Protection Act, RCW 19.86, *et seq.* ("CPA").

Robinhood has agreed to pay $9,000,000 to establish a non-reversionary Settlement Fund for the benefit of Settlement Class Members who filed claims. It is an excellent result for the approximately 827,327 consumers who allegedly received Robinhood referral text messages on a telephone number with a Washington area code in violation of the CEMA and CPA.[1]

Settlement Administrator, JND Legal Administration, implemented the Court-approved notice plan and successfully delivered postcard and email notices to 96% of the identified Settlement Class Members. The supplemental publication notice program extended that reach even further. JND is in the process of reviewing the thousands of claims that have been submitted. As of June 12, 2022, JND has validated 30,745 claims, which is approximately 3.7% of the identified Settlement Class. JND reports that the number of valid claims could increase to more than 50,000 (approximately 6% of the identified class) before the final approval hearing.

Although the claims rate is on the low end of the rate Plaintiffs estimated at preliminary approval, it is typical of claims rates in similar cases and is not due to lack of notice—far from it. In addition to the successful direct notice plan, which included several rounds of email and postcard notice, JND implemented a multi-faceted publication notice plan that specifically targeted Washington residents who may have received the allegedly illegal texts. JND reports that, as of May 30, 2024, the Settlement Website had received 539,076 unique visitors and 2,813 calls had been placed to the dedicated telephone line set up for this case. Class Counsel fielded

---

[1] Deduplication of the class data identified approximately 827,327 unique Settlement Class Members and there are likely additional Settlement Class Members who could not be identified through Robinhood's records.

PLAINTIFFS' MOTION FOR FINAL
APPROVAL - 1
Case No. 2:21-cv-01571-BJR

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

an additional 182 calls from consumers with questions about the settlement. Declaration of Jennifer Rust Murray in Support of Final Approval (Murray Decl.) ¶ 2. This robust response to the notice is evidence that the notice program successfully reached its targeted audience.

Settlement Class Members who submitted a valid claim form will receive a significant cash payment. If the Court approves payment of administration costs, attorneys' fees, litigation expenses, and service payments to Mr. Moore and Mr. Gillette, each participating Settlement Class Member will receive approximately $111-$170 depending on the number of claims JND ultimately validates. This is an excellent per-claimant recovery under a statutory scheme that authorizes $500 in damages for each text message sent in violation of the CEMA and up to $1,500 if the conduct is found to be willful under the CPA.

No Settlement Class Member objected to the Settlement. Only five Settlement Class Members submitted valid requests to opt out of the Settlement. The Settlement is fair, reasonable, and adequate in all respects. Plaintiffs request the Court grant final approval of the Settlement by: (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel $2,250,000 in attorneys' fees and $142,407.76 in costs; (5) approving service payments to Mr. Moore and Mr. Gillette in the amount of $10,000 each; and (6) approving administration costs of approximately $1,065,000.

## II.   BACKGROUND

Plaintiffs brought this class action alleging that Robinhood's practice of assisting its users to send unsolicited advertising text messages to Washington residents through its "referral" program violates Washington law. Robinhood denies these allegations. *See* Dkt. Nos. 54, 64.

Plaintiffs described the hard-fought litigation that led to the class-wide settlement in their motion for preliminary approval and their fee petition. *See* Dkt. No. 91 (Mtn for Prelim. App.) at 1:17-3:3; Dkt. No. 92 (Terrell Prel. App. Decl.) ¶¶ 9-13; Dkt. No. 97 (Mtn for Fees and Costs) at 1:23-3:9; Dkt. No. 98 (Terrell Fee Decl.) ¶¶ 2-11. Over the course of more than two years of litigation, the parties engaged in substantial discovery, including multiple rounds of written

PLAINTIFFS' MOTION FOR FINAL
APPROVAL - 2
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

discovery that led to Robinhood producing over 30,000 pages of documents related to the referral program. Dkt. No. 98 (Terrell Fee Decl.) ¶ 6. Plaintiffs deposed two of Robinhood's corporate representatives. *Id.* ¶¶ 6, 8. And after Plaintiffs obtained extensive sample data from Robinhood's computer systems documenting the text messages, they engaged an expert to identify the telephone numbers to which the text messages were sent. Dkt. No. 98 (Terrell Fee Decl.) ¶ 10. The parties also engaged in significant third-party discovery. *Id.* ¶ 8.

The litigation was always adversarial. The parties reached impasse over discovery that twice required Court intervention. Dkt. Nos. 60, 71. Plaintiffs defeated Robinhood's motion to dismiss (Dkt. No. 63) and commenced drafting their class certification motion. Only after Plaintiffs reached these milestones did they agree to attend mediation with experienced TCPA mediator, Robert Meyer of JAMS and, eventually, to settle the case. Dkt. No. 98 ¶ 14. The Settlement Class is comprised of approximately 827,327 unique class members identified in Robinhood's business records and an unknown number of class members that are not reflected in Robinhood's business records. *See* Declaration of Gina Intrepido-Bowden Regarding Notice Program Implementation, Settlement Administration, and Opt-Out Requests (Intrepido-Bowden Decl.) ¶ 10.[2]

Plaintiffs moved for preliminary approval of the settlement, which the Court granted. Dkt. No. 95. JND timely executed the court-approved notice plan, which included notice complying with the Class Action Fairness Act, 28 U.S.C. § 1715, email and mail notice to potential Settlement Class Members for whom an email or mailing address could be located, set up and implementation of a dedicated settlement website that provides a place to learn more about the case and proposed settlement, maintenance of a dedicated toll-free IVR phone line, reminder notices, a custom digital notice campaign, an internet search campaign, and a press release. *See generally* Intrepido-Bowden Decl. ¶¶ 5-31.

---

[2] Plaintiffs had previously estimated that class contained approximately 1.3 million class members, but that estimate was based on the class data before deduplication.

PLAINTIFFS' MOTION FOR FINAL
APPROVAL - 3
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Settlement Class Members could submit claims electronically through a portal on the Settlement Website or manually by submitting a paper claim form via U.S. Mail. Intrepido-Bowden Decl. ¶ 5. To bolster claims, JND issued two rounds of reminder notices, the vast majority of which were successfully delivered. *Id.* ¶¶ 17-21. The steps JND took in providing notice were successful, reaching more than 96% of the Settlement Class. Intrepido-Bowden Decl. ¶ 32. Over 51,000 claims were submitted, including 30,745 that JND has approved so far. *Id.* ¶¶ 37-39.

### III.    ARGUMENT

Rule 23(e) provides that courts should grant final approval to class action settlements that are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The 2018 amendments to Rule 23 articulate a four-factor test the intent of which is to "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision …." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendments.

Under Rule 23(e)(2), the Court may approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering whether (1) the class representative and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

The factors in Rule 23 are consistent with and embody those previously identified by the Ninth Circuit as guides to determining whether a proposed settlement is fair, adequate, and reasonable. The factors previously discussed by the Ninth Circuit are: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement;

PLAINTIFFS' MOTION FOR FINAL
APPROVAL - 4
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575–76 (9th Cir. 2004). Ultimately, "[d]eciding whether a settlement is fair" is "best left to the district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

A. **Plaintiffs and Class Counsel have adequately represented the Settlement Class.**

The Court preliminary found that Plaintiffs and their counsel are capable of fairly and adequately protecting the interests of the members of the Settlement Class in connection with the Settlement Agreement. Dkt. No. 95 (Prelim. App. Order) ¶ 3(d). That finding remains accurate. Plaintiffs and Class Counsel have continued to vigorously represent the Settlement Class and have no conflicts of interest with any Settlement Class Members. Class Counsel have fielded approximately 182 calls from potential Settlement Class Members, diligently answering their questions. Murray Decl. ¶ 2. Mr. Moore and Mr. Gillette were instrumental to the case and the Settlement. They assisted in drafting the complaint, participated extensively with counsel in responding to written discovery, and sat for lengthy depositions. Dkt. No. 98 (Terrell Fee Decl.) ¶ 42; Dkt. 100 (Moore Decl.) ¶¶ 7-8, 10-12; Dkt. 101 (Gillette Decl.) ¶¶ 7-8, 10-12. Perhaps most importantly, the settlement was only possible because Plaintiffs rejected individual settlement offers in order to pursue class claims on behalf of other Washington consumers. Dkt. 100 (Moore Decl.) ¶ 9; Dkt. 101 (Gillette Decl.) ¶ 9. Both Plaintiffs were involved in settlement discussions and both support the settlement. Dkt. 100 (Moore Decl.) ¶ 15; Dkt. 101 (Gillette Decl.) ¶ 15.

B. **The settlement is the result of arm's-length, non-collusive negotiations.**

The parties approached settlement discussions in the same way they approached the litigation—by diligently advocating for their clients and the proposed class. The parties

PLAINTIFFS' MOTION FOR FINAL APPROVAL - 5
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

negotiated the settlement at arm's length, only after extensive discovery and motion practice. Dkt. No. 98 (Terrell Decl.) ¶¶ 2-11.

Although the parties did not reach agreement on the day they mediated, the parties' mediation with Robert Meyer was crucial to the settlement. With Mr. Meyer's assistance, the parties agreed on material terms a month after mediation and then continued to negotiate the settlement details for several more months. "[O]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining." *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999); *see also* Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or court-affiliated mediator or facilitator in negotiations may bear on whether they were conducted in a manner that would protect and further the class interests").

Moreover, Class Counsel negotiated the Settlement with the benefit of many years of prior experience and a solid understanding of the facts and law of this case. *See* Dkt. No. 92 (Terrell Prelim. App. Decl.) ¶¶ 1-8; Dkt. No. 93 (Drake Prelim. App. Decl.) ¶¶ 11-19. Class Counsel have extensive experience litigating and settling class actions, and in particular, class actions brought under the TCPA. *See* Dkt. No. 92 (Terrell Prelim. App. Decl.) ¶¶ 4, 8.

Finally, the Settlement withstands the higher level of scrutiny the Ninth Circuit requires of pre-certification class action settlements. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011); *see also McKinney-Drobnis v. Oreshack,* 16 F.4th 594, 608 (9th Cir. 2021) (reiterating that pre-certification settlements must withstand "heightened" scrutiny).

None of the "warning signs" of potential collusion the Ninth Circuit has identified exist here. *In re Bluetooth*, 654 F.3d at 947. Class Counsel have not requested a disproportionate distribution of the settlement. *See, e.g., In re Bluetooth*, 654 F.3d at 938 (involving a settlement that provided zero dollars for economic injury to the class, while setting aside up to $800,000 for class counsel); *Roes, 1–2 v. SFBSC Management, LLC*, 944 F.3d 1043 (9th Cir. 2019) (involving

PLAINTIFFS' MOTION FOR FINAL
APPROVAL - 6
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a settlement that provided counsel with attorneys' fees that were nearly half of the settlement fund). Rather, they seek just 25% of the Settlement Fund. The parties did not negotiate a "clear-sailing" arrangement, "in which defendants agreed not to object to an award of attorneys' fees." *In re Bluetooth*, 654 F.3d at 947. And the settlement does not contain a "kicker" in which "all fees not awarded would revert to defendants rather than be added to the *cy pres* fund or otherwise benefit the class." *Id*.

Class Counsel believe the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

**C.     The relief provided for the Settlement Class is adequate.**

In determining whether the relief provided to the Settlement Class is adequate, courts must balance the strength of the plaintiff's case against the risk, expense, complexity, and duration of further litigation. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

1.     <u>The costs, risks, and delay of trial and appeal.</u>

Plaintiffs believe they have a strong case for liability, but success is never guaranteed. Plaintiffs pointed out in their fee petition that there is little case law applying CEMA—the Washington Supreme Court has issued only a single opinion addressing the statute's provisions governing electronic text messages, *Wright v. Lyft*, 189 Wn.2d 718 (2017)—and new decisions could impact Plaintiffs' understanding of the law.

For example, the parties dispute the evidence Robinhood needs to prove its consent defense. In an unpublished decision, the Washington court of appeals held that whether a person consented is a question of fact and "a person clearly and affirmatively consents by unambiguously asserting voluntary agreement or concurrence or, in other words, by making an expression of affirmation of agreement or concurrence in a manner easily understood." *Budke v. Dan's Herbs, LLC*, 25 Wn. App. 2d 1005, 2022 WL 17969245, at *2 (2022) (unpublished), *rev. denied*, 1 Wn.2d 1013 (2023). Robinhood asserted that it could satisfy this burden by showing individuals consent to receive referral text messages by voluntarily providing their phone

PLAINTIFFS' MOTION FOR FINAL APPROVAL - 7
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

numbers to the Robinhood customers who sent the texts or by communicating with those individuals about Robinhood and the referral program. Plaintiffs disagree with Robinhood's interpretation of the law but recognize the risk this issue presents to both class certification and the merits of their claims.

Litigating this case to trial and through any appeals would be expensive, time-consuming and risky. The settlement provides certain, immediate, significant relief and should be approved. *See Almanzar v. Home Depot U.S.A., Inc.*, 2024 WL 36175, at *4 (E.D. Cal. Jan. 3, 2024) ("Approval of settlement is 'preferable to lengthy and expensive litigation with uncertain results.'"); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.") (citation omitted); *see also Noll v. eBay, Inc.*, 309 F.R.D. 593, 606 (N.D. Cal. 2015) ("Immediate receipt of money through settlement, even if lower than what could potentially be achieved through ultimate success on the merits, has value to a class, especially when compared to risky and costly continued litigation.").

### 2. Claimants will receive substantial cash payments.

Rule 23(e)(2)(C)(ii) requires consideration of the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims. Cash payments will be distributed to Settlement Class Members who filed approved claims. Dkt. No. 93-1 (Settlement Agreement) § 4. If the Court approves the requested administration costs of $1,065,000,[3] a service payment of $10,000 to each of the Class Representative, requested attorneys' fees of $2,250,000 and litigation expenses of $142,407.76, a total of $5,522,592 will be distributed to Settlement Class Members whose claims are approved. Plaintiffs request that the Court approve all valid timely claims, as well as valid claims submitted after the May 13, 2024 deadline but before July 2, 2024, which is the deadline for the Settlement Administrator to

---

[3] JND originally estimated its settlement expenses to be $670,000. JNC has exceeded that amount due primarily to a large increase in the number of post cards and post card reminders that needed to be sent. Intrepido-Bowden Decl. ¶ 40.

PLAINTIFFS' MOTION FOR FINAL
APPROVAL - 8
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

submit a supplemental declaration in support of settlement approval. *See* Intrepido-Bowden Decl. ¶ 37 (noting 86 late claims had been received as of May 30, 2024). Payments will be approximately $111-$170, which is approximately 22-34% of the minimum $500 per text that class members could recover under the CEMA and 7.4-11% of the maximum $1,500 statutory damages that each Settlement Class Member would be entitled to for each text message.

This is an excellent result that is in line with, or exceeds, per-claimant recoveries in other CEMA and analogous TCPA class action settlements. *See, e.g., Wright v. Lyft, Inc.*, No. 14-cv-00421 (BJR) (W.D. Wash.) (CEMA settlement with payments of up to $132 per class member based on circumstances); *Gragg v. Orange Cab Co., Inc.*, No. 12-cv-00576 (RSL) (W.D. Wash.) (CEMA settlement with payments of $48 per class claimant plus $12 voucher for all identifiable class members); *Abante Rooter and Plumbing, Inc., et al v. Alarm.com, Inc.*, No. 4:15-cv-06314-YGR, (N.D. Cal. Aug. 15, 2019) (claimants received $235 per phone number at which they received calls); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, Dkt. No. 96 at ¶ 6 (N.D. Cal. Mar. 10, 2014) (claimants received $46.98); *Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) (claimants received $40); *Kramer v. Autobytel, Inc., et al.*, No. 10-cv-2722, Dkt. 148 (N.D. Cal. 2012) (approving TCPA settlement providing for a cash payment of $100 to each class member); *Estrada v. iYogi, Inc.*, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (granting preliminary approval to TCPA settlement where class members estimated to receive $40).

3.    <u>Class Counsel's requested attorneys' fees are reasonable.</u>

Under Rule 23(e)(2)(C)(iii), the Court should consider "the terms of any proposed award of attorney's fees, including timing of payment." The Settlement Agreement provides that Plaintiffs' request for court-approved attorneys' fees will not exceed 25% of the total Settlement Fund ($2,250,000) and will be paid on the same date as the awards to Eligible Claimants. *See* Dkt. 93-1 (Settlement Agreement) §§ 1.04, 4.03. Class Counsel's request is consistent with, if not less than, awards in similar class actions in the Ninth Circuit. *See, e.g., Ikuseghan v. Multicare Health Sys.*, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016) (awarding a fee of

PLAINTIFFS' MOTION FOR FINAL
APPROVAL - 9
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

30% of a $2.5 million settlement fund); *Bonoan v. Adobe, Inc.*, 2021 WL 912257 (N.D. Cal. Mar. 10, 2021) (awarding $333,333 in attorneys' fees of a $1 million settlement fund).

The lodestar method confirms the propriety of the requested fee, which represents a reasonable 1.98 on their $1,136,709.00 lodestar. *Vizcaino v. Microsoft*, 290 F.3d 1043, 1051, n. 6 (9th Cir. 2002). Though free to do so, no Settlement Class Member objected to the award sought by Class Counsel. Intrepido-Bowden Decl. ¶¶ 33-34. Plaintiffs' application for attorneys' fees and costs with supporting documentation was posted to the Settlement Website after it was filed so that Settlement Class Members could access these materials. Murray Decl. ¶ 3.

**D.    The settlement treats Settlement Class Members equitably relative to each other.**

Under Rule 23(e)(2)(D), the Court must consider whether the Settlement Agreement treats Settlement Class Members equitably relative to each other. Here, each valid claimant will receive a pro rata share of the Settlement Fund after settlement expenses are deducted. Dkt. No. 93-1 (Settlement Agreement) § 4.06. Courts in the Ninth Circuit have concluded that settlements using the same formula to calculate the settlement share for each class member satisfy Rule 23(e)(2)(D). *See Haralson v. U.S. Aviation Services Corp.,* 2021 WL 5033832, at *5 (N.D. Cal. Feb. 3, 2021) (finding "the Settlement treats class members equitably and that this factor supports approval"); *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *8 (N.D. Cal. Jul. 22, 2019) (finding equitable to class members an allocation based on pro rata distribution). This factor supports approval.

**E.    The reaction of the Settlement Class was positive.**

The absence of a large number of objections raises a "strong presumption" that the terms are favorable to class members. *See In re Facebook, Inc. Internet Tracking Litig.*, 2024 WL 700985, at *1 (9th Cir. Feb. 7, 2024) (unpublished); *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 320-21 (N.D. Cal. 2018) (finding that low rates of objections and opt-outs are "indicia of the approval of the class" (citation omitted)); *In re ConAgra Foods, Inc.,* 2023 WL 8937622, at *10 (C.D. Cal. Sept. 18, 2023) (noting that lack of objections "indicates very strong overall support for the [settlement] and supports final approval"). Settlement Class

PLAINTIFFS' MOTION FOR FINAL
APPROVAL - 10
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Members must be provided sufficient opportunity to object to the Settlement, including Plaintiffs' request for attorneys' fees, costs, and service awards. *See In re Mercury Interactive Corp.*, 618 F.3d 988, 994 (9th Cir. 2010).

Despite there being hundreds of thousands of Settlement Class Members, not a single Settlement Class Member objected and only five validly excluded themselves from the settlement. Intrepido-Bowden Decl. ¶¶ 33-36. In all, this is an overwhelmingly positive reaction to the terms of the settlement, supporting approval.

**F.    The Court-Ordered notice program is constitutionally sound.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B).

The notice program consisted of multiple components, which included (1) three rounds of email notice; (2) postcard notice to potential Settlement Class Members for whom an email could not be located; (3) a settlement informational website; (4) a toll-free information telephone line; (5) a digital add campaign targeted to consumers in Washington State; (6) supplemental digital advertisements targeted to individuals who may have moved from Washington state and would be interested in Robinhood's products; (7) supplemental digital advertisements to known potential Settlement Class Members; (8) an internet search campaign; and (9) a press release. Intrepido-Bowden Decl. ¶¶ 5-30. The initial mailing took place on March 24, 2024, followed by supplemental email and postcard notice to potential Settlement Class Members who had not submitted claims on April 12, 2024 and April 29, 2024. *Id*. ¶¶ 12, 14, 17-21.

The Settlement Website contained documents relevant to the Settlement, including the operative complaint, the Settlement Agreement, and Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Costs, and Service Awards, provided responses to frequently asked questions, advised Settlement Class Members about the extended deadline, and listed a toll-free telephone number Settlement Class Members could use to contact the Administrator. Intrepido-

PLAINTIFFS' MOTION FOR FINAL APPROVAL - 11
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Bowden Decl. ¶ 5. JND received 2,813 calls and tracked 1,407,256 views of the Settlement Website by 539,076 unique visitors. *Id.* ¶ 6.

JND estimates that the mail and email notice reached 96% of the identified potential Settlement Class Members with that reach extended by the supplemental publication notice program, satisfying Rule 23 requirements. Intrepido-Bowden Decl. ¶ 32.

**G.    The Settlement Class should be finally certified.**

In its Preliminary Approval Order, the Court conditionally certified the Settlement Class under Federal Rule of Civil Procedure 23(a) and (b)(3). Dkt. No. 95 (Prelim. App. Order) ¶¶ 3-4. The requirements of both Rule 23(a) and (b)(3) remain satisfied. For all of the reasons set forth in the Court's Preliminary Approval Order, Dkt. No. 95, and Plaintiffs' Motion for Preliminary Approval, Dkt. No. 91 at 7:7-11:4, the Court should finally certify the Settlement Class.

**H.    The requested fees, costs, and service payment should be approved.**

Not one Settlement Class Member objected to Class Counsel's request for reasonable attorneys' fees, and service awards to Class Representatives Moore and Gillette. For the reasons set forth in Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Costs, and Service Awards, Dkt. No. 97, Class Counsel respectfully request that the Court grant Class Counsel's request for $2,250,000 in attorneys' fees and reimbursement of $142,407.76 in costs, and service payments in the amount of $10,000 in recognition of Mr. Moore and Mr. Gillette's service to the Settlement Class.

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court enter an Order: (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel $2,250,000 in attorneys' fees and $142,407.76 in costs; (5) approving service payments in the amount of $10,000 to each Class Representative ($20,000 total); and (6) approving JND's administration costs of $1,065,000.

PLAINTIFFS' MOTION FOR FINAL APPROVAL - 12
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1     RESPECTFULLY SUBMITTED AND DATED this 12th day of June, 2024.

TERRELL MARSHALL LAW GROUP

By: *Jennifer Rust Murray*
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

Sophia M. Rios, *Admitted Pro Hac Vice*
Email: srios@bm.net
BERGER MONTAGUE PC
8241 La Mesa Blvd, Suite A
La Mesa, California 91942
Telephone: (619) 489-0300
Facsimile: (215) 875-4604

E. Michelle Drake, *Admitted Pro Hac Vice*
Email: emdrake@bm.net
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, Minnesota 55413
Telephone: (612) 594-5999
Facsimile: (612) 584-4470

Mark DeSanto, *Admitted Pro Hac Vice*
Email: mdesanto@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3046
Facsimile: (215) 875-4604

Zachary M. Vaughan, *Admitted Pro Hac Vice*
Email: zvaughan@bm.net
BERGER MONTAGUE PC
2001 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
Telephone: (215) 875-4602

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR FINAL APPROVAL - 13
Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com