THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COOPER MOORE and ANDREW GILLETTE, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBINHOOD FINANCIAL LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:21-cv-01571-BJR<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

This matter, having come before the Court on Plaintiffs' Motion for Final Approval of the proposed class action settlement with Defendant Robinhood Financial LLC ("Defendant"); the Court having considered all papers filed and arguments made with respect to the proposed settlement of the claim asserted under the Washington Commercial Electronic Mail Act ("CEMA") and the Washington Consumer Protection Act ("CPA"), by the proposed Settlement Class, and the Court, being fully advised, finds that:

1. On July 16, 2024, the Court held a Final Approval Hearing, at which time the Parties were afforded the opportunity to be heard in support of or in opposition to the settlement. The Court received no objections to the settlement.

2. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order. Such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable

FINAL APPROVAL ORDER AND JUDGMENT - 1
Case No. 2:21-cv-01571-BJR

under the circumstances, including the dissemination of individual notice to all Settlement Class Members who can be identified through reasonable effort; and satisfies Rule 23(e) and due process.

3. Defendant has timely served notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The Court finds that the Court has jurisdiction over the parties and that all members of the Settlement Class have standing under Article III of the United States Constitution because a person's receipt of an unsolicited text message sent without the recipient's clear and affirmative consent intrudes upon privacy and is an injury for purposes of Article III. *See Van Patten v. Vertical Fitness Group, LLC*, 874 F.3d 1037 (9th Cir. 2017).

5. The terms of the Settlement Agreement are incorporated fully into this Order by reference.

6. The Court finds that the terms of Settlement Agreement are fair, reasonable, and adequate in light of the complexity, expense, and duration of litigation, and the risks involved in establishing liability and damages, and maintaining the class action through trial and appeal.

7. The Court has considered the factors enumerated in Rule 23(e)(2) and finds they counsel in favor of final approval.

8. The Court finds that the relief provided under the settlement constitutes fair value given in exchange for the release of claims.

9. The Parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

10. The Court finds that it is in the best interests of the Parties and the Settlement Class and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which, in any way, relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

FINAL APPROVAL ORDER AND JUDGMENT - 2

Case No. 2:21-cv-01571-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

11. This action is a class action against Defendant on behalf a class of persons defined as follows (the "Settlement Class"): All persons or entities who received a Robinhood referral program text message, and who were Washington residents at the time of the receipt of such text message, between and including August 9, 2017 and February 13, 2024, which was the date the Court entered an order granting preliminary approval. Persons who clearly and affirmatively consented in advance to receive Robinhood referral program text messages are excluded from the class. The Settlement Class does not include Defendant, any entity that has a controlling interest in Defendant, and Defendant's current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any persons who validly requested exclusion from it.

12. The Court finds that the Settlement Class satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) as set forth in its earlier order granting preliminary approval in this matter.

13. The Settlement Agreement submitted by the Parties for the Settlement Class is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall be deemed incorporated herein and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

14. As agreed by the Parties in the Settlement Agreement, upon Final Approval, the relevant parties shall be released and discharged in accordance with the Settlement Agreement.

15. As agreed by the parties in the Settlement Agreement, upon Final Approval, each Settlement Class Member is enjoined and permanently barred from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims.

16. As agreed by the parties in the Settlement Agreement, upon Final Approval, Defendant is enjoined and permanently barred from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Robinhood Released Claims.

FINAL APPROVAL ORDER AND JUDGMENT - 3
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

17. Upon consideration of Class Counsel's application for fees and costs and other expenses, the Court awards $2,250,000.00 as reasonable attorneys' fees and $142,407.76 as reimbursement for reasonable out-of-pocket expenses, which shall be paid from the Settlement Fund.

18. Upon consideration of the application for approval of a service award, Class Representative Cooper Moore is awarded the sum of $10,000.00, and Class Representative Andrew Gillette is awarded the sum of $10,000.00, to be paid from the Settlement Fund, for the service they have performed for and on behalf of the Settlement Class.

19. The Court authorizes Class Counsel and defense counsel to authorize payment to the Settlement Administrator from the Settlement Fund as set forth in the Settlement Agreement.

20. Neither this Final Judgment and Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims or Robinhood Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Class Representatives, Settlement Class Members, or Defendant.

21. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Settlement Class for any suit, action, proceeding, or dispute arising out of or relating to this Order, the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the

FINAL APPROVAL ORDER AND JUDGMENT - 4

Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

22. This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

23. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

24. The following persons have validly excluded themselves from the Settlement Class in accordance with the provisions of the Settlement Agreement and Preliminary Approval Order and are thus excluded from the terms of this Order: Amanda Bessler, Raelynne Tomaszewski, Marla Sabin, Diana Lejeune, and Carol Hurlburt. Further, because the settlement is being reached as a compromise to resolve this litigation, including before a final determination of the merits of any issue in this case, none of the excluded individuals listed above may invoke the doctrines of *res judicata*, collateral estoppel, or any state law equivalents to those doctrines in connection with any further litigation against Defendant in connection with the claims settled by the Settlement Class.

**IT IS SO ORDERED**.

Dated: July 16, 2024.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

FINAL APPROVAL ORDER AND JUDGMENT - 5
Case No. 2:21-cv-01571-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com